IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT WALLACE REEVES,

      Plaintiff,

v.                                                                            No. 1:22-cv-00365-JFR

WALLACE E. REEVES,
NEXUM,
GRAYHOUND BUS STATION,
RENTACOP-SURCURETY,
FNU LNU, Albuquerque Police Department Detective,
JU[D]GES OF THE UNITED STATES OF AMERICA,
FBI,
STEVEN KING,
GOVERNOR OF NEW MEXICO,
SENATOR MARK KELLY, and
ASTRONAUT SCOTT KELLY,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND ORDER FOR SECOND AMENDED COMPLAINT**

      **THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 5, filed May 12, 2022 ("Amended Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed May 10, 2022 ("Motion"), and Plaintiff's Supplemental Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 6, filed May 12, 2022 ("Supplement").

**Application to Proceed In Forma Pauperis**

      The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." See *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed a declaration (in his Motion) and an affidavit (in his Supplement) declaring that he is unable to pay the costs of these proceedings and indicated that he is unemployed. *See* Motion at 1. The Court disregards those portions of Plaintiff's Supplement that indicate his income is several hundred "buzillion" dollars because his Amended Complaint indicates Plaintiff is "homeless." Supplement at 1; Amended Complaint at 1. The Court grants Plaintiff's Application because Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and because Plaintiff is unemployed and homeless.

**Amended Complaint**

Plaintiff alleges:

> I have been in a complimet holly war for 28 yrs.  I am tired of the bullshit that socity does to me in kicking me off of the propetys I own like: Nexum, Grayhound bus station, parking lots everywere. See I own all the land in Amecia and most of this world I have bought Earth 47 times over and I own the land taxes to every were. Also the police force and town afficals have been account of my arivel and nofied that I am a Dule Diplomat of Earth.
> ....
>
> Scott Kelly use my satillight with Buzz Allgrege and Neal Armstrong for harvesting [illegible] agenst me ... Wallace Reeves works so hard with exturnal, inturnal, spurital, gostly and spuritual gostly voice use michines above ground his personal sattlight and mine using Nasa.

[sic] Amended Complaint at 2-4.

The Amended Complaint fails to state a claim because it does not explain with particularity what most of the named Defendants did to Plaintiff, when they did it and what specific legal right Plaintiff believes the Defendants violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  Where the Amended Complaint does allege that certain Defendants did certain actions, it fails to state a claim pursuant to 42 U.S.C. § 1983 because it does not allege facts showing that Defendants were state actors and violated a right of Plaintiff's secured under federal law.  *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law").

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the

action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**IT IS ORDERED** that:

(i) Plaintiff's Supplemental Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed May 10, 2022, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file a second amended complaint. Failure to timely file a second amended complaint may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE

4