IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT WALLACE REEVES,

      Plaintiff,

vs.                                                                                                                           No. CIV 22-0365 JB/JFR

WALLACE E. REEVES; NEXUM;
GRAYHOUND BUSTATION [sic]; RENT A
COP-SURCURETY [sic]; FNU LNU
Albuquerque Police Department Detective;
JUGES [sick] OF THE UNITED STATES OF
AMERICA; FBI; STEVEN KING;
GOVERNOR OF NEW MEXICO; SENATOR
MARK KELLY and ASTRONAUT SCOTT
KELLY,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 12, 2022 (Doc. 5)("Amended Complaint").  Plaintiff Robert Wallace Reeves appears pro se.  For the reasons set out below, the Court will dismiss this case with prejudice for failure to state a claim.

**PROCEDURAL BACKGROUND**

On April 10, 2022, Reeves filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed May 10, 2022 (Doc. 1)("Complaint").  On April 12, 2022, Reeves filed his Amended Complaint.  See Amended Complaint at 1.  Reeves filed his Amended Complaint using the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 form ("form Complaint").  Reeves alleges:

> I have been in a complimet holly war for 28 yrs.  I am tired of the bullshit that socity does to me in kicking me off of the propetys I own like: Nexum, Grayhound bus

> station, parking lots everywere. See I own all the land in Amecia and most of this world I have bought Earth 47 times over and I own the land taxes to every were. Also the police force and town afficals have been account of my arivel and nofied that I am a Dule Diplomat of Earth.
>
> . . . .
>
> everywhere I go Wallace is in front of me tell people I will make you sufer if you don't make Robert compilly in a horable compliment to him in his holly war agest the evil on Earth.  They also use the matrix to comlie my wereabouts and law helps. Also Scott Kelly use my satillight with Buzz Allgrege and Neal Armstrong for harvesting [illegible] agenst me . . . Nasa Americia USA make wepon of war and use them agenst me also [illegible] matricx body call face of exploreaton explantery compliment holly war agest me using Scott Kelly
>
> . . . .
>
> How hard Wallace Reeves works so hard with exturnal, inturnal, spurital, gostly and spuritual gostly voice use michines above ground his personal sattlight and mine using Nasa.
>
> . . . .
>
> I have told plocie, FBI, Twielter, that people are trying to kill me and my daughter for my richess and godess orcal complowment to my dismise.  Please Help.

Amended Complaint at 2-5.  Where the form Complaint prompts Reeves to assert jurisdiction under different or additional statutes, Reeves writes: "Wallace E. Reeves, James Garson Reeves, Andrew Reeves, Joe Biden, Andodra Harris, Congress Senete Juges in Tucson Az, Law inforcemet every were in Az, N.M. except the police force in abercury N.M. but the Detives get arrestd so dose Juge Pete V. Domecinici."  Amended Complaint at 2.

The Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Reeves that the Amended Complaint fails to state a claim, because

> it does not explain with particularity what most of the named Defendants did to Plaintiff, when they did it and what specific legal right Plaintiff believes the Defendants violated.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)("[T]o state a claim in

federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Where the Amended Complaint does allege that certain Defendants did certain actions, it fails to state a claim pursuant to 42 U.S.C. § 1983 because it does not allege facts showing that Defendants were state actors and violated a right of Plaintiff's secured under federal law. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law").

Memorandum Opinion and Order Granting Motion to Proceed In Forma Pauperis and Order for Second Amended Complaint at 3, filed May 16, 2022 (Doc. 7)("Order"). Magistrate Judge Robbenhaar ordered Reeves to file a second amended complaint and notified Reeves that failure to timely file a second amended complaint may result in dismissal of this case. See Order at 4. Reeves did not file a second amended complaint by the June 6, 2022, deadline.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly"). A district court may dismiss a case sua sponte under rule 12(b)(6) "'when it is patently obvious that the plaintiff could not prevail on the facts alleged.'" Andrews v. Heaton, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007)(quoting McKinney v. State of Okla., Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir.1991)). See also 28 U.S.C. § 1915(e)(2)(B)(ii).

## LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 F. App'x 879, 884 (10th Cir. 2010)(unpublished)[1](citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be

---

[1]Menefee v. Werholtz is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value

evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed IFP] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted). While a district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Dep't, 24 F. App'x 977, 979 (10th Cir. 2002)(unpublished)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[2]

---

with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Menefee v. Werholtz, Brewer v. City of Overland Park Police Department, 24 F. App'x 977 (10th Cir. 2002), and Scherer v. Kansas, 263 F. App'x 667 (10th Cir. 2008), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

[2]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Dep't, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

A district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2). The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

**LAW REGARDING 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution of the United States of America or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'" (second alteration in Nelson v. Geringer)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998))). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violates the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F.Supp.2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States clarified that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-

official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens*[3] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8,

---

[3]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." Bivens, 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

Dodds v. Richardson, 614 F.3d at 1199 (quoting 42 U.S.C. § 1983). The Tenth Circuit notes, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at 1200. It concludes that Ashcroft v. Iqbal does not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200. More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, where the plaintiff seeks to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers

committed. See Dodds v. Richardson, 614 F.3d at 1200 (citing Rizzo v. Goode, 423 U.S. at 371). The Tenth Circuit notes that the Supreme Court, in that case, finds a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'" Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## ANALYSIS

Having reviewed carefully the Amended Complaint and the relevant law, the Court will dismiss this case with prejudice for failure to state a claim. The Amended Complaint does not state a § 1983 claim against Defendants Wallace Reeves, Nexum, or Greyhound Bus Station, because there are no allegations that W. Reeves, Nexum, or Greyhound Bus Station violated a right that federal law secures, and because there are no allegations that W. Reeves, Nexum, or Greyhound Bus Station were acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988)(holding that, to state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law.).

The Complaint does not state a § 1983 claim against the unidentified Judges of the United States, Senator Mark Kelly, astronaut Scott Kelly, or the FBI, because there are no allegations that the unidentified Judges of the United States, Senator Kelly, S. Kelly, or the FBI, violated a right that federal law secures. See Bivens, 403 U.S. at 389 (in a Bivens action, a plaintiff may seek damages when a federal officer acting under the color of federal authority violates the plaintiff's constitutional rights). See Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions); West v. Atkins, 487 U.S. at 48. The Complaint does not state a § 1983 claim against the unidentified Albuquerque Police Department detective, because

there are no allegations that the unidentified Albuquerque Police Department detective violated a right secured under federal law.  See West v. Atkins, 487 U.S. at 48.  The Complaint does not state a § 1983 claim against Defendants Rentacop-Sercurety, Steven King, or the Governor of New Mexico, because there are no factual allegations regarding those Defendants.  See Twombly, 550 U.S. at 570 (stating that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face").

Magistrate Judge Robbenhaar, after notifying Reeves that the Complaint does not state § 1983 claims, ordered Reeves to file a second amended complaint.  See Order at 4.  The deadline to amend was June 6, 2022.  See Order at 4.  Reeves has not filed a second amended complaint or otherwise responded to Magistrate Judge Robbenhaar's Order.  The Court therefore will dismiss this action with prejudice pursuant to rule 12(b)(6) and 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that: (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. 1983, filed April 12, 2022 (Doc. 5), is dismissed with prejudice; and (ii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Robert Wallace Reeves
Albuquerque, New Mexico

    *Plaintiff pro se*